UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X

BOARD OF TRUSTEES OF POINTERS,
CLEANERS & CAULKERS WELFARE FUND,       **ORDER ADOPTING REPORT**
PENSION FUND and ANNUITY FUND,          **AND RECOMMENDATION**

                    Plaintiff,          12-CV-399 (KAM)(RER)

     -against-

SUPER EAGLE CONTRACTING, INC. and
BABLIR CHAND,

                    Defendants.

--------------------------------------X

**MATSUMOTO, United States District Judge:**

          On January 27, 2012, plaintiff Board of Trustees of

Pointers, Cleaners & Caulkers Welfare Fund, Pension Fund and

Annuity Fund ("plaintiff") commenced this action against

defendants Super Eagle Contracting, Inc. ("defendant") and Bablir

Chand ("Chand"), pursuant to §§ 502 and 515 of the Employee

Retirement Income Security Act of 1974, as amended 29 U.S.C. §§

1132 and 1145, and § 301 of the Labor Management Relations Act of

1947, as amended 29 U.S.C. § 185, seeking to recover unpaid

fringe benefits contributions, along with interest, liquidated

damages, attorneys' fees and costs, and equitable relief. (*See*

*generally* ECF No. 1, Compl.)  On June 1, 2012, the court "so

ordered" a stipulation by plaintiff discontinuing the instant

action against Chand without prejudice.  (ECF No. 9, Stip.

Discontinuing Action.)

On July 19, 2012, the court referred this matter to
Magistrate Judge Ramon E. Reyes, Jr. for a Report and
Recommendation. (*See* Order Referring Mot., July 19, 2012.) On
January 16, 2013, Judge Reyes issued a Report and Recommendation
recommending that the court award damages, interest, and
attorneys' fees and costs against defendant. (*See* ECF No. 14,
Report and Recommendation ("R&R") at 10.) The Report and
Recommendation also directed plaintiff to serve a copy of the
Report and Recommendation on defendant and to file proof of
service with the court no later than January 17, 2013. (*See* R&R
at 10-11.)

On January 22, 2013, in light of plaintiff's failure to
timely file proof of service on defendant, Judge Reyes sent a
copy of the Report and Recommendation to defendant by regular and
certified mail. (Order, Jan. 22, 2013.) On January 29, 2013,
the copy of the report sent to defendant by certified mail was
returned to the court as undeliverable, noting "Addressee
Unknown." (ECF No. 15; *see also* ECF No. 16.) On February 7,
2013, Judge Reyes again sent a copy of the report to defendant by
regular and certified mail, this time to the address for
defendant listed on the New York State Department of State
website rather than the address listed in the complaint. (Order,
Feb. 7, 2013.) On February 13, 2013, the court received a
receipt noting that the second report sent by certified mail had

been successfully delivered to defendant on February 8, 2013.

The Report and Recommendation notified the parties of the right to file written objections within fourteen (14) days of receipt of the Report and Recommendation. (R&R at 10.) Accordingly, the deadline for defendant to file objections was February 22, 2013. To date, no objections to the Report and Recommendation have been filed. (*See generally* Docket No. 12-CV-399.)

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a careful review of the record and Judge Reyes' well-reasoned Report and Recommendation, the court finds no clear error and hereby affirms and adopts the Report and Recommendation in its entirety as the opinion of the court. Accordingly, judgment should be entered against defendant Super Eagle Contracting, Inc. as follows:

(1)  $1,651.20 in unpaid benefit contributions;

(2)  $267.08 in interest through January 16, 2013, the date of the Report and Recommendation, plus per diem interest at a rate of $0.18 from the date of this order until the entry of final judgment;

(3)  liquidated damages in an amount equal to the final interest award, as calculated at the time final judgment is entered;

(4)  $1,200.00 for the cost of plaintiff's audit;

(5)  $1,380.00 in attorneys' fees and costs;[1]

(6)  post-judgment interest pursuant to 28 U.S.C. § 1961.

Additionally, for the reasons set forth in Judge Reyes' Report and Recommendation, plaintiff's request for permanent injunctive relief is denied.

---

[1] Judge Reyes' Report and Recommendation mistakenly notes plaintiff's total attorneys' fees and costs as $1,360.00, although the supporting documentation from plaintiff discussed in the report evidences $1,380.00 in attorneys' fees and costs. (*See* R&R at 9.)

Plaintiff's counsel is directed to serve a copy of this order upon Super Eagle Contracting, Inc.'s address recorded with the New York Department of State, 31-32 86th Street, Jackson Heights, New York, 11369, and file proof of service by March 6, 2013.  The Clerk of the Court is respectfully requested to enter judgment in accordance with this order and close this case.

**SO ORDERED.**

Dated:   March 5, 2013
         Brooklyn, New York

                                        _____ ____/s/_____
                                        Kiyo A. Matsumoto
                                        United States District Judge